# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

ACC

VIRGINIA ALCALA PRO SE

v.

3-23CV2686-S

Civil Action No.

BOSCO AUTO GROUP

## ORIGINAL PETITION

I. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages and the costs of this action against defendant Bosco Auto Group(BAG) for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto. TILA is a strict liability law in which the consumer does not have to prove intent to exercise the consumers right of rescission. Only the fact of the violation is relevant. The TILA provides a no-fault standard of recovery.

2. Plaintiff institutes this action for additional damages on multiple violations of the Texas Finance code(Tex. Fin. Code § 393.602) and the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 et seq., (hereinafter DTPA) for misleading representation of contracts(Tex. Bus. & Com. Code § 17.46(b)(12). Under laws of the DTPA, the consumer is not required to prove that the defendant "intentionally" or "knowingly" violated the DTPA, only the fact of the violation is relevant. The DTPA provides a no-fault standard of recovery.

3. Plaintiff alleges that BAG engaged in abusive acts or practices in violation of the Consumer Financial Protection Act of 2010 (the "CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1) by taking unreasonable advantage of consumers lack of understanding of the material risk and the severity of the consequences, as well as their inability to protect their interests. Bosco Auto Group makes predatory loans to hundreds of hard working consumers trying to buy a new or used original vehicle. Consumers, on the other hand, do not understand that BAG is abusively forfeiting the consumers right's by an unlawful "Arbitration Provision"that should not be included in a consumer loan or consumer credit transaction.

4. The Consumer Financial Protection Bureau(CFPB) is an independent agency of the United States charged with regulating the offering and provision of consumer financial products and services under federal consumer financial

Laws (12 U.S.C. § 5491(a)) and has independent litigating authority to enforce federal consumer financial laws, including the CFPA, 12 U.S.C. §§ 5564(a)–(b), 5481(12), (14).

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action because it is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337. 3. Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

6. This Court has personal jurisdiction over this action because it is brought under "federal consumer financial law," 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States(CFPB), 28 U.S.C. § 1345. This Court has supplemental jurisdiction over the state-law claims because they form part of the same case or controversy with the federal claims. 28 U.S.C. § 1367(a).

7. Venue in the Northern District of Texas is proper in this district because a substantial amount of the transactions, Acts, practices, and courses of conduct at issue occurred within this district and because BAG conducts business in this district. 28 U.S.C. § 1391(b)(2); 12 U.S.C. § 5564(f).

## III. PARTIES

8. The plaintiff, Virginia Alcala, is a natural person in Collin County, Texas, also known as (Consumer)(Barrower).

9. Defendant, Bosco Auto group or Paul Bosco Sr. of Bosco Auto Group and his assignees, may be served with process at 1401 Justin Rd, Flower Mound, TX 75028, also known as (Creditor)(Covered Person)(Person)(BAG).

10. At all times relevant hereto, the defendant regularly extended or "offered" to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(g) and Regulation Z § 226.2(a)(17)(i), a (CSO) Credit Service Organization(Tex. Fin. Code § 393.001(3)(b),(C)(Tex. Fin. Code § 393.001(4).

11. At all times relevant to this Complaint, BAG was a covered person because it purchased, acquired, and serviced auto-finance loans made by dealers 12 U.S.C. § 5481(6), 15(A)(i). These loans were "offered or provided for use by consumers primarily for personal, family, or household purposes." 12 U.S.C. § 5481(5).

## IV. FACTUAL ALLEGATIONS

12. On or about February 14, 2023, Plaintiff entered into a consumer loan or consumer credit transaction with Bosco Auto Group to purchase an "Ordinary Vehicle"(7 Tex. Admin. Code § 84.103) for personal, family, or household use and was not purchased for Commercial or Business use.

13. On or about February 14, 2023, Defendant did not complete his obligation to disclose the Consumer's Right of Rescission Notice once the consumer credit transaction was consummated, within the meaning of TILA, U.S.C. 1635 and Regulation Z §1026.23. The Violation of this Act has givin rise to, failure to disclose under T.I.L.A.(Truth In Lending Act).

### *Failure To Disclose And Notice Of Rescission*

14. "Failure To Disclose" a Notice of Rescission(H-8 Rescission Model Form(General)(see Exhibit A) is satisfied by the existence of a legal obligation owed to the consumer, a breach of that duty, and damages that proximately result from that breach(15 U.S.C. § 1640) or (15 U.S. Code § 1641) and (12 U.S. Code § 5565(a)(2)(A)). Failure To Disclose Notice of Rescission has a three-year limitation(15 U.S.C. § 1635(f))(12 CFR 1026.23(a)(3)(i)).

15. The Defendants are grossly negligent in refusing to comply with their Obligations to disclose a Consumer's Right of Rescission, thus causing harm to Plaintiff and many other consumer's involved in consumer transactions with the Defendant.

16. "Notice Of Rescission". Plaintiff repeatedly tried to rescind the consumer transaction with the Defendant and has been denied action several times by the Defendant and his Assignees. Plaintiff has served the defendant with a Notice of Rescission Letter on October 31, 2023 by Priority Mail and delivery was confirmed on November 1, 2023. Within 20 calendar days after defendants receipt of a notice of rescission, the Creditor did not return any money or property that has been given in connection with the transaction and did not take any action necessary to reflect the termination of the security interest(12 C.F.R. § 1026.23(d)(2)) which is punishable by law.

17. On or about February 14, 2023, Defendant committed an action of false or misleading representation(Tex. Fin. Code § 393.304)(1) by using a Retail Installment Sales Contract to mislead the Plaintiff in having obligations under a Motor Vehicle Retail Installment Sale rather than obligations of a consumer loan contract(Tex. Fin. Code § 341.502(a)) or Regular Transaction(Tex. Fin. Code § 342.001(2)(a))(Consumer Loan)(see Exhibit C - Consumer Contract Example).

18. Defendant's Unconscionable action to a consumer's detriment, to a grossly unfair degree, by representing that

an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law(Tex. Bus. & Com. Code § 17.46). This action by the Defendant has caused the Plaintiff harm of mental anguish, emotional distress, anger and the loss of enjoyment of life.

*Misleading Representation, Motor Vehicle Retail Installment Contract, Retail Buyer*

19. Defendant clearly mislead the Plaintiff by falsely representing a Motor Vehicle Retail Installment Contract to the Consumer(Tex. Fin. Code § 393.304(1) in a consumer loan or consumer credit transaction(15 U.S. Code § 1679a(2)). A Motor Vehicle Retail Installment Contract is classified as a Business-to-Business transaction which includes a "Retail Buyer" and a Retail seller, and not a Consumer who purchases an "Ordinary Vehicle"(7 Tex. Admin. Code § 84.103). A Motor Vehicle Retail Installment Contract involves rights, and obligations which do not have, comply or involve the rights of a consumer loan for personal, family, or household use, in which is prohibited by law (Tex. Bus. & Com. Code § 17.46(b)(12)(see Exhibit B pages 1-6 and Exhibit C pages 1-2) which show the differences of a Motor Vehicle Retail Installment Contract(commercial) and a Non-standard Consumer Loan Contract.

20. "Retail Buyer" is a person who purchases or agrees to purchase a "Commercial Vehicle" from a retail seller, in a retail installment transaction and not a consumer transaction or consumer loan(Tex. Fin. Code § 353.001(7)).

21. Defendant and his assignees intentionally and knowingly, with unconscionable action and with reckless disregard for the consequences, mislead the Plaintiff into entering an agreement for a "Retail" Installment Contract(Business Transaction) rather than a Consumer Loan Contract or Consumer Credit Transaction and constitutes conduct for which the law allows the imposition of additional damages(Tex. Bus. & Com. Code § 17.50(b)) and for mental anguish. In this connection, Plaintiff requests that additional non-economical damages in an amount to be determined by the trier of fact.

*Retail Installment Contract, Motor Vehicle Installment Sale, Motor Vehicle*

22. "Retail installment contract" means one or more instruments entered into in this state that evidence a "retail installment transaction". The term includes a chattel mortgage, a conditional sale contract, a security agreement, and a document that evidences a "bailment" or "lease"(Tex. Fin. Code § 348.001(6)). A Retail Installment Contract must have three major components to be classified as a "Motor Vehicle Installment Sale". It must include a sale contract, a security agreement, and a document that evidences a "bailment" or "lease" in which are 3 components that constitute a Motor Vehicle Retail Installment Contract. A Consumer Loan Contract does not require

these three components and specifically does not require a "bailment" or "lease".

23. "Motor Vehicle" as defined in Tex. Fin. Code § 348.001(4), an automobile, motor home, truck, truck tractor, trailer, semitrailer, or bus designed and used primarily to transport persons or property on a highway. The term includes a "Commercial Vehicle" or heavy commercial vehicle, which would be considered a Motor Vehicle Installment sale or a Retail Installment transaction and not a consumer loan or consumer credit transaction.

### Consumer Financial Protection Bureau(CFPB)

24. The Consumer Financial Protection Bureau(CFPB) states the difference between a retail installment sales contract and a loan. The CFPB states;

> "A retail installment sales contract agreement is slightly different from a loan. Both are ways for you to obtain a vehicle by agreeing to make payments over time. In both, you are generally bound to the agreement after signing. A loan is a transaction between you and a bank or other lender for "money", where you use the money to purchase a vehicle and agree to repay the loan balance plus interest. A retail installment sale, on the other hand, is a transaction between you and the dealer to purchase a vehicle where you agree to "pay the dealer" over time, paying both the value of the vehicle plus interest".

25. In a consumer loan, the consumer makes a transaction with the bank through the "Credit Service Organization" (Defendant) and the consumer makes the payments to the bank. In a retail installment sale, the transaction is where the consumer agrees to "pay the dealer" and not the "bank" in which it is considered a retail installment sale and not a consumer loan or consumer credit transaction.

26. A (CSO) Credit Service Organization means a person who provides, or represents that the person can or will provide, for the payment of valuable consideration any of the following services with respect to the extension of consumer credit "by others"(the Bank) to obtain an extension of consumer credit for a "consumer" or providing advice or assistance to a consumer for an "Extension of consumer credit" means the right to defer payment of debt offered or granted primarily for personal, family, or household purposes(Tex. Fin. Code § 393.001(3)(b),(Tex. Fin. Code § 393.001(4). The Plaintiff purchased an "Ordinary Vehicle"(7 Tex. Admin. Code § 84.103) not a Motor Vehicle.

### Presumption Regarding Noncommercial Vehicles; Exception

27. Tex. Fin. Code § 348.0015(a) states; a motor vehicle that is of a type typically used for personal, family, or household use, as determined by finance commission rule, is presumed not to be a commercial vehicle.

## V. FIRST CAUSE OF ACTION

28. The disclosure statement obligated to be disclosed by the defendant in connection with a consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects by failing to provide required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1635(a) and Regulation Z § 1026.23(a)(1).

29. By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff for actual damages, twice the finance charge and costs to the Plaintiff in accordance with 15 U.S.C. § 1640 or 15 U.S.C. § 1641.

## VI. SECOND CAUSE OF ACTION

30. Misleading Representation violates laws of the Deceptive Trade Practices-Consumer Protection Act and the Texas Business and Commerce Code in the following and other respects by failing to provide the correct contracts in a consumer loan or consumer credit transaction, in which is in violation of Tex. Bus. & Com. Code § 17.46(a)(12).

31. By reason of the aforesaid violations of the Act, defendant is liable to plaintiff in cumulative remedies in which the trier of fact is authorized to award a total of not more than three times actual damages, in accordance with Tex. Bus. & Com. Code § 17.43.

## VII. THIRD CAUSE OF ACTION

32. The CFPA grants authority to the CFPB to bring civil actions to seek legal and equitable relief for violations of the CFPA, 12 U.S.C. § 5564(a), and further empowers state attorneys general to bring civil actions to enforce federal consumer laws against any company offering consumer financial products or services. 12 U.S.C. § 5552(a)(1).

33. The CFPA prohibits covered persons or service providers from committing or engaging in a deceptive, unfair, or abusive act or practice under federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service. 12 U.S.C. § 5531(a). An act or practice is abusive if it "takes unreasonable advantage" of "a lack of understanding on the part of the consumer of the material risks or conditions of the product or service" or "takes unreasonable advantage" of "the inability

of a consumer to protect the interests of the consumer in selecting or using a consumer financial product or service." 12 U.S.C. §§ 5531(d)(2)(A)–(B).

34. BAG is offering a "consumer financial product or service;" BAG acquires and services loans. The Company therefore is a "covered person" within the meaning of the CFPA. 12 U.S.C. § 5481(5), (6), 15(A)(i) & 15(A)(x).

35. BAG'S arbitrational provisions contain deceptive & abusive practices that Cause substantial harm to the consumer by materially interfering and taking advantage of the lack of understanding on the part of the consumer of the material risks and conditions associated with signing a contract that includes an "Arbitration Agreement". The contractual agreements given to Plaintiff by the Defendant included an "Arbitration Provision" in which a creditor may not take an instrument in which a borrower(consumer) waives any right accruing to the borrower(Consumer) which is also in violation of the State(Tex. Fin. Code § 342.507)(see Exhibit B page 5 of 6) and Federal law(15 U.S. Code § 1693l).

36. BAG therefore has "knowingly" engaged in abusive acts in connection with an extension of credit in violation of the CFPA. 12 U.S.C. §§ 5531, 5536. Defendant has been offering extensions of credit to consumers for more than 15 years now and has since then been committing these deceptive an abusive practices to consumers without <u>weighing the gravity of the violations, the severity of the risks to or losses to the consumer and the magnitude of the violations to the prior history of consumers affected.</u> It is the obligation and duty of the covered person(Defendant) who provides any financial product to know the laws of consumers and their agreement provisions.

37. By reason of the aforesaid violations, defendant is liable to plaintiff in monetary relief for civil penalties of 12 U.S. Code § 5565(a)(2), (A), (E), (G), (H) civil money penalties, as set forth more fully in 12 U.S. Code § 5565(c)(1), 12 U.S. Code § 5565(c)(2)(C) along with the mitigating factors of 12 U.S. Code § 5565(c)(3) in determining the amount of penalty by the trier of fact.

## VIII. CONCLUSION

38. Defendant and his asignees have, by means of unlawful acts and practices, ignored his obligation to disclose required documents to consumers which denies the consumer the right to rescind the transaction and have in the course of trade and commerce engaged in false, misleading, deceptive and abusive acts and practices declared unlawful. Because Defendants have engaged in the unlawful acts and practices described herein, Defendants have been violating the rights of Consumers for over 15 years on a massive scale and will continue to violate the law as alleged in this petition Unless

the maximum amount of damages are awarded to the Plaintiff.

## IX. DAMAGES AND BILL OF COSTS

39. Plaintiff request that the court order economic and non-economic damages in the amount of $116,757.52, plus Monetary relief for civil penalties that violate Federal Consumer Financial Law in an amount in which may not exceed $1,000,000 for each day during which such violation commenced and continues. The amount of penalty for the total amount of Compensatory Damages is to be determined by the trier of fact. See (Exhibit D) for The Bill of Cost.

## X. MOTION FOR SUMMERY JUDGEMENT

40. Plaintiff request that the court order a summary judgment(Federal Rules of Civil Procedure Rule 56) for;

V. FIRST CAUSE OF ACTION, VI. SECOND CAUSE OF ACTION and VII. THIRD CAUSE OF ACTION as stated in this Origional Petition herein. As there is no room for any genuine disputes by the defendant, of the facts stated herein, as to any material of facts allegged herein. All the facts stated in this petition are backed by State and Federal Statutes and the adverse party cannot produce admissible evidence to overrule the facts stated in this Original Petition. The causes of action stated in this petition are governed by TILA, DTPA and the CFPB. Violations governed by these entities are enforcable by prooving "Only" the "fact "of the violation is relevant, thus these regulations are subject to summery judgment.

## XI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this case;

2. Award actual damages pursuant to 15 U.S.C. § 1640(a)(1);

3. Award statutory damages in the amount of twice the finance charge in case of an individual action 15 U.S.C.§ 1640(a)(2)(A)(i);

4. Award plaintiff costs and fees in accordance with 15 U.S.C. § 1640;

5. Award plaintiff mental anguish, emotional distress, anger and loss of enjoyment of life damages not more than three times actual damages, in accordance with Tex. Bus. & Com. Code § 17.50(b)(1).

6. Directing Defendant to pay monetary damages for civil penalty that may not exceed $1,000,000 per day in which Defendant engaged in conduct that violated 12 U.S.C. § 5301 et seq., pursuant to 12 U.S.C. § 5565(c)(2). Plaintiff respectfully prays that the Court in determining the amount of any penalty assessed, the court shall take into account the appropriateness of the penalty with respect to: (i)the size of financial resources and good faith of the person charged:; (ii)the gravity of the violation; (iii)the severity of the risks to or losses of the consumer; (iv) and the history of previous violations.

7. Ordering the rescission or reformation of contracts obtained by fraud, misrepresentation or abusive practices.

8. Permanently enjoining Defendant, its agents, trustees, employees, successors, heirs, and assigns; and any other person under their direction or control, whether acting individually or in concert with others, or through any corporate or other entity or device through which one or more of them may now or hereafter act or conduct Business, from engaging in the fraudulent and illegal practices alleged herein.

9. Granting a Motion for Summery Judgement for all cuases of action.

10. Granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Date | 12/6/23 |
| Signature | Virginia Alcala |
| Print Name | Virginia Alcala |
| Address | 70 Jade |
| City, State, Zip | Wylie Tx, 75098 |
| Telephone | 214-245-6779 |

**NOTICE OF RIGHT TO RESCISSION EXAMPLE - EXHIBIT A**

**Your Right to Cancel**
You are entering into a transaction that will result in a (mortgage / lien / security interest) (on / in) your Principle dwelling / personal property. You have a legal right under federal law to cancel this consumer credit transaction, without cost, within three business days form whichever of the following events occurs last:

1. the date of the transaction which is _____/_____/_____: or
2. the date you receive your Truth in Lending Disclosures: or
3. the date you received this notice or your right to Rescission.

If you cancel the transaction, the (mortgage / lien / security interest) is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage / lien / security interest) (on / in) your principle dwelling / personal property) has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have completed the obligations mentioned above, but you must then offer to return the money or property after obligation's have been met. If it is impractical or unfair for you to return the property, you must offer it's reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or the property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**
If you decide to cancel this consumer credit transaction, you may do so by notifying us in writing at

BUSINESS NAME AND BUSINESS ADDRESS)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights of rescission.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____ / _____ / _____ or midnight of the third business day following the latest of the tree events listed above. If you send or deliver your written notice to rescind some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL THIS TRANSACTION

_____     _____/____/_____
Consumer's Signature                  Date

H-8 Rescission Model Form (General) (§ 1026.23)

**NON-STANDARD CONSUMER LOAN AGREEMENT EXAMPLE - EXHIBIT C PAGE 1 OF 2**

1. Parties: The undersigned is _____, the Borrower, and the Lender is
_____.

2. Date of Agreement: _____.

3. Promise to Pay: Within _____ months from today, Borrower promises to pay to Lender_____ dollars ($_____) and interest and other charges stated below.

4. Responsibility: Although this agreement may be signed below by more than one person, each of the undersigned understand that they are each as individuals responsible and jointly and severally liable for paying back the full amount.

5. Breakdown of Loan: Borrower will pay:
   Amount of Loan:  $_____
   Other (Describe)  $_____
   Amount financed:  $_____

   Finance charge:   $_____
   Total of payments: $_____

   ANNUAL PERCENTAGE RATE_____%

6. Repayment: Borrower will repay in the following manner: Borrower will repay the amount of this note in _____ equal uninterrupted monthly installments of $_____ each on the _____ day of each month starting on the _____ day of _____, 20____, and ending on _____, 20____.

7. Prepayment: Borrower has the right to prepay the whole outstanding amount at any time. If Borrower pays early, or if this loan is refinanced or replaced by a new note, Lender will refund the unearned finance charge, figured by the Rule of 78-a commonly used formula for figuring rebates on installment loans.

8. Late Charge: Any installment not paid within ten (10) days of its due date shall be subject to a late charge of 5% of the payment, not to exceed $_____ for any such late installment.

9. Security: To protect Lender, Borrower gives what is known as a security interest or mortgage in: [Describe:] _____
_____
_____
_____

10. Default: If for any reason Borrower fails to make any payment on time, Borrower shall be in default. The Lender can then demand immediate payment of the entire remaining unpaid balance of this loan, without giving anyone further notice. If Borrower has not paid the full amount of the loan when the final payment is due, the Lender will charge Borrower interest on the unpaid balance at _____ percent ( %) per year.

11. Right of Offset: If this loan becomes past due, the Lender will have the right to pay this loan from any deposit or security Borrower has with this lender without notice to him/her.
If the Lender gives Borrower an extension of time to pay this loan, he/she still must repay the entire loan.

Non-Standard Consumer Loan Contract

**CONSUMER LOAN AGREEMENT EXAMPLE - EXHIBIT C PAGE 2 OF 2**

12. Collection fees: If this note is placed with an attorney for collection, then Borrower agrees to pay an attorney's fee of fifteen percent (15%) of the unpaid balance. This fee will be added to the unpaid balance of the loan.

13. Co-borrowers: Any Co-borrowers signing this agreement agree to be equally responsible with the borrower for this loan.

Agreed To:

_____
Lender

_____
Borrower

_____
Borrower

## EXHIBIT D - BILL OF COSTS

**Compensatory Damages - Economic - Actual Damages:**

Fees of the Clerk..................................................................................................$ 400.00

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case............................................$ 100.00

Cash Down Payment............................................................................................$ 9,000.00

Finance Payments made by Plaintiff to Holder....................................................$ 4,180.00

Cost related to disclosure failure(prior to litigation), rescision letters, writings, posatge, certified letters.......................................................................................$ 100.00

Indirect cost in lieu of attorney services, including 4 weeks of legal research, developement of complaint forms, research materials, law books and law library visits.............$ 4,000.00

**Total Economic Damages:** $ 17,780.00


**Compensatory Damages - Non-Economic - Statutory Damages:**

Finance Charge(twice the sum of all charges)......................................................$ 45,637.52

Mental Anguish, Emotional Distress, Anger and loss of Enjoyment of Life(three times the amount of actual damages or in the amount the trier sees fit)...........................$ 53,340.00

**Total Non-Econiomic Damages:** $ 98,977.52

**Total Economic and Non-Economic Damages:** $ 116,757.52


**Compensatory Damages - Monetary Damages:**

Abusive Practices Civil Penalty Violations(not to exceed 1,000,000 per day)(TBD by Trier)..$ _____


**Total Compensatory Damages(TBD by trier)**.............................................................$ _____

Alcala vs Bosco Auto Group                                                Exhibit C - pg. 1 of 1

**EXIBIT B PG 1 OF 6**  LAW 553-TX-ARB-eps 4/21

## MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| BUYER | VIRGINIA VELEZ ALCALA | SELLER/CREDITOR | Bosco Auto Group |
|---|---|---|---|
| ADDRESS | 4501 CLEAR LAKE LN | ADDRESS | 1401 Justin Rd |
| CITY | MESQUITE  STATE TX  ZIP 75150 | CITY | Flower Mound  STATE TX  ZIP 75028 |
| PHONE | (214) 728-8563 | PHONE | (972) 833-1393 |

CO-BUYER N/A
ADDRESS N/A
CITY N/A   STATE N/A   ZIP
PHONE

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.
**PROMISE TO PAY:** The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown in the Itemization of Amount Financed. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments in U.S. funds according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

### VEHICLE IDENTIFICATION

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | | USE FOR WHICH PURCHASED |
|---|---|---|---|---|---|
| | | | | ☐ NEW | PERSONAL, FAMILY, OR HOUSEHOLD, UNLESS OTHERWISE INDICATED BELOW |
| | | | | ☐ DEMONSTRATOR | If either of the boxes below is checked, Chapter 353 of the Texas Finance Code applies to this Contract. |
| | | | | ☐ FACTORY OFFICIAL/EXECUTIVE | ☐ BUSINESS OR COMMERCIAL |
| 2018 | Chevro | Silverado 1500 | 1GCRCNEH1JZ320225 | ☒ USED | ☐ AGRICULTURAL   ☐ N/A |

Trade-in: Make N/A    Model N/A
Year N/A   VIN N/A    License No. N/A

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $9,000.00 |
|---|---|---|---|---|
| 6.98 % | $ 4,808.18 | $ 22,818.76 | $ 27,626.94 | $ 36,626.94 |

**Your Payment Schedule Will Be:**  (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | $ 418.59 | Monthly   beginning 03/28/2023 |
| N/A | $ N/A | N/A |

N/A

**Late Charge:** If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** We will have a security interest in the vehicle being purchased.
**Additional Information:** See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

### SELLER'S DISCLAIMER OF WARRANTIES
Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**APPLICABLE LAW**
Federal and Texas law apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

This PROVISION applies to this contract only if the vehicle financed in the contract was purchased for personal, family, or household use.

Buyer Signs X _Virginia Alcala_   Co-Buyer Signs X N/A    LAW 553-TX-ARB-eps 4/21 v1   Page 1 of 6

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including any accessories, services, taxes,
   Sales Tax $ 1,618.13  N/A _____ $ N/A,
   N/A $ N/A and N/A $ N/A ) $ 27,508.13 (1)

2. Total Downpayment = (if negative, enter "0" and see Line 4A below)
   - Gross Trade-In ............................................. $ 0.00
   - Pay Off Made By Seller to N/A ............... $ 0.00
   - Cash Paid to Buyer for Trade-In ................. $ 0.00
   = Net Trade-In ............................................... $ 0.00
   + Cash ......................................................... $ 9,000.00
   + Mfrs. Rebate ............................................. $ 0.00
   + Other (describe) N/A ................................ $ 0.00
   + Other (describe) N/A ................................ $ 0.00
   + Other (describe) N/A ................................ $ 0.00
   + Other (describe) N/A ................................ $ 0.00
   + Other (describe) Trade-In Credit Agreement Benefit $ 0.00
   Total Downpayment ...................................... $ 9,000.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2) ........ $ 18,508.13 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts.):
   A. Net trade-in payoff to _____ $ 0.00
   B. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life                  $ 0.00
      Disability            $ 0.00      $ 0.00
   C. Other Optional Insurance Paid to Insurance Company or Companies $ 0.00
   D. Official Fees Paid to Government Agencies
      1) to N/A       for N/A       $ 0.00
      2) to N/A       for N/A       $ 0.00
      3) to N/A       for N/A       $ 0.00
   E. Debt Cancellation Agreement Fee Paid to the Seller $ 0.00
   F. Dealer's Inventory Tax (if Not Included in Cash Price) $ 44.63
   G. Sales Tax (if Not Included in Cash Price) $ 0.00
   H. Other Taxes (if Not Included in Cash Price) $ 0.00
   I. Government License and/or Registration Fees
      License Fee
      Registration Fee                                  $ 57.50
   J. Government Certificate of Title Fees              $ 33.00
   K. Government Vehicle Inspection Fees
      to state $ 25.50 to inspection station $ 0.00 $ 25.50
   L. Deputy Service Fee Paid to Dealer                 $ 0.00
   M. Documentary Fee (Cargo Documental)                $ 150.00

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS RELATING TO THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED A REASONABLE AMOUNT AGREED TO BY THE PARTIES. THIS NOTICE IS REQUIRED BY LAW.
UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL. PERO ÉSTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN EN RELACIÓN CON LA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

N. Other Charges (Seller must identify who is paid and describe purpose.)
   to State         for Plate Transfer Fee          $ 0.00
   to Seller        for Trade-In Credit Agreement   $ 0.00
   to N/A           for N/A                         $ 0.00
   to CAREGARD      for Service Contract            $ 4,000.00
   to CAREGARD      for Maintenance                 $ 0.00
   to CAREGARD      for Limited Warranty            $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00
   to N/A           for N/A                         $ 0.00

   Total Other Charges and Amounts Paid to Others on Your Behalf $ 4,310.63 (4)

5. Amount Financed (3 + 4) .......................... $ 22,818.76 (5)

Buyer Signs X _Virginia Alcala_ Co-Buyer Signs X N/A

---

**LIABILITY INSURANCE:** THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

**LEGAL LIMITATIONS ON OUR RIGHTS**
If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

**SERVICING AND COLLECTION CONTACTS**
We may try to contact you at any mailing address, e-mail address, or phone number you give us as the law allows. We may try to contact you in writing (including mail, e-mail, and text messages) and by phone (including prerecorded or artificial voice messages and automatic telephone dialing systems).

**Returned Check Charge:** You agree to pay a charge of $ 30 if any check you give us is dishonored or any electronic payment is returned unpaid.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Virginia Alcala_
Co-Buyer Signs X N/A

LAW 553-TX-ARB-eps 4/21 v1    Page 2 of 6

PROPERTY INSURANCE. You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.

If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

## Optional Credit
## Life and Credit Disability Insurance

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer   $ N/A   Term N/A        ☐ Credit Disability, one buyer   $ N/A   Term N/A
☐ Credit Life, both buyers $ N/A   Term N/A        ☐ Credit Disability, both buyers $ N/A   Term N/A

N/A
_____
(Insurance Company)

N/A
_____
(Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.

X N/A                                      02/13/2023    X N/A                                      02/13/2023
Buyer's signature                          Date          Co-Buyer's signature                        Date

## Optional Insurance Coverages and Debt Cancellation Agreement

The granting of credit will not be dependent on the purchase of either the insurance coverages or the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy these insurance coverages or the debt cancellation agreement.

| Coverage | Term in Months | | Premium or Fee |
|---|---|---|---|
| GAP* | | | |
| N/A | N/A | ☐ | $ N/A |
| N/A | N/A | ☐ | $ N/A |
| | N/A | ☐ | $ N/A |
| Debt Cancellation Agreement** | N/A | | $ N/A |

N/A
_____
(Insurance Company)

N/A
_____
(Home Office Address)

*If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.
**WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later.
If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. A debt cancellation agreement is not insurance and is regulated by the Office of the Consumer Credit Commissioner.

For the premiums or fees included above, you want the related optional coverages and debt cancellation agreement.

X                                          02/13/2023    X N/A                                      02/13/2023
Buyer's signature                          Date          Co-Buyer's signature                        Date

## OTHER TERMS AND CONDITIONS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **HOW WE FIGURE THE FINANCE CHARGE.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.
   b. **HOW WE WILL APPLY YOUR PAYMENTS.** We will apply your payments in the following order:
      1. earned but unpaid finance charge; and
      2. to anything else you owe under this agreement.

   c. **HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.

Buyer Signs X _____ Co-Buyer Signs X N/A                 LAW 553-TX-ARB-eps 4/21 v1   Page 3 of 6

d. **TRANSFER OF RIGHTS.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.

e. **SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**

    a. **USE AND TRANSFER OF THE VEHICLE.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.

    b. **CARE OF THE VEHICLE.** You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.

    c. **SECURITY INTEREST.** To secure all that you owe on this contract and all your promises in it, you give us a security interest in:
       1. The vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
       2. All insurance proceeds and other proceeds received for the vehicle;
       3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
       4. Any refunds of charges included in this contract for insurance, or service contracts.
    
    This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

    d. **AGREEMENT TO KEEP VEHICLE INSURED.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. The insurer must be authorized to do business in Texas.

    e. **OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to your last known address shown in our file.

    f. **PHYSICAL DAMAGE INSURANCE PROCEEDS.** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

    g. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

    h. **APPLICATION OF CREDITS.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

    a. **LATE CHARGE.** You will pay us a late charge as agreed to in this contract when it accrues.

    b. **DEFAULT.** You will be in default if:
       1. You do not pay any amount when it is due;
       2. You give false, incomplete, or misleading information during credit application;
       3. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
       4. You allow a judgment to be entered against you or the collateral; or
       5. You break any of your promises in this agreement.
    
    If you default, we can exercise our rights under this contract and our other rights under the law.

    c. **OUR RIGHT TO DEMAND PAYMENT IN FULL.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.

    d. **REPOSSESSION.** If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.

    e. **YOUR RIGHT TO REDEEM.** If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

Buyer Signs X _Virginia Alcala_  Co-Buyer Signs X N/A

LAW 553-TX-ARB-eps 4/21 v1  Page 4 of 6

f. **DISPOSITION OF THE VEHICLE.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. If we sell the motor vehicle in a public or private sale, we will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

g. **COLLECTION COSTS.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows. You will also pay our reasonable out-of-pocket expenses incurred in connection with retaking, holding, and selling the vehicle as the applicable law allows.

h. **CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **INTEGRATION AND SEVERABILITY CLAUSE**
This contract contains the entire agreement between you and us relating to the sale and financing of the vehicle. If any part of this contract is not valid, all other parts stay valid.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

Buyer Signs X _[signature]_   Co-Buyer Signs X N/A _____   LAW 553-TX-ARB-eps 4/21 v1   Page 5 of 6

**OCCC NOTICE.** For questions or complaints about this contract, contact <u>Unity One Credit Union</u> at <u>_____</u>. The Office of Consumer Credit Commissioner (OCCC) is a state agency, and it enforces certain laws that apply to this contract. If a complaint or question cannot be resolved by contacting the creditor, consumers can contact the OCCC to file a complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610. Website: occc.texas.gov. E-mail: consumer.complaints@occc.texas.gov.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X _Virginia Alcala_    Co-Buyer X N/A

See the rest of this contract for other important agreements.

**CONSUMER WARNING:** Notice to the buyer--Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.

**BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT:** YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 5, BEFORE SIGNING BELOW.

Buyer Signs X _Virginia Alcala_ Date 02/13/2023   Co-Buyer Signs X N/A   Date 02/13/2023
Buyer Printed Name VIRGINIA VELEZ ALCALA   Co-Buyer Printed Name N/A
If the "business or commercial" use box is checked in "Use for Which Purchased": Print Name N/A   Title N/A

**Co-Buyers and Other Owners** — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A   Date 02/13/2023   Address N/A
Seller signs Bosco Auto Group   Date 02/13/2023   By X _____   Title _____
THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to Unity One Credit Union   (Assignee) under the terms of Seller's agreement(s) with Assignee.

[ ] Assigned with recourse    [X] Assigned without recourse    [ ] Assigned with limited recourse

Seller
By X Bosco Auto Group   Title _____

LAW FORM NO. 553-TX-ARB-eps 4/21
©2021 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-TX-ARB-eps 4/21 v1   Page 6 of 6

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Virginia Alcala Pro Se

**(b)** County of Residence of First Listed Plaintiff: **Collin County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Bosco Auto Group - Paul Bosco Sr.

County of Residence of First Listed Defendant: **Denton County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED DEC - 6 2023 AGC CLERK U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | LABOR | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / [x] 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / Other: | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1635 Right of Rescission

Brief description of cause:
Failure to disclose rights of rescission on a consumer loan.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $116,757.52+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/6/2023
SIGNATURE OF ATTORNEY OF RECORD: *Virginia Alcala*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____