**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VIRGINIA ALCALA, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NOS. 4:24-CV-00495- |
| v. | § | AGD; 4:24-CV-00006-AGD |
| | § | |
| UNITY ONE CREDIT UNION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are Defendant Unity One Credit Union's Motion to Dismiss Amended Complaint and Supporting Brief (Dkt. #13) and Motion to Stay Discovery (Dkt. #29) in Civil Action Number 4:24-cv-495 and Defendant Bosco Auto Group's First Amended Pre-Answer Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, Lack of Subject-Matter Jurisdiction, and Failure to Join a Necessary Party and Motions for Hearing (Dkt. #34; Dkt. #35) in Civil Action Number 4:24-cv-6 (Dkt. #31). Also pending before the court in Civil Action Number 4:24-cv-495 are *pro se* Plaintiff Virginia Alcala's Motion to Appoint Counsel (Dkt. #24), Motion for Defending Attorney to Show Proof of License to Practice Law (Dkt. #32), Motion to Schedule Hearing (Dkt. #33), and Amended Motion to Schedule Hearing (Dkt. #34). Also pending before the court in Civil Action Number 4:24-cv-6 are Plaintiff's Motion for Declaratory Judgment (Dkt. #40), Motion for Court Order to Provide Notice of Recission Letter (Dkt. #43), Motion to Drop the FTC Claim (Dkt. #44), Motion to Schedule a Hearing (Dkt. #46), Motion to Strike Filings Made by Unlicensed Attorneys (Dkt. #47), Motion for Summary Judgment (Dkt. #48), Motion to Schedule Conference Hearing (Dkt. #51), Motion to Strike Defendant's Response Docket #55 (Dkt. #57), and Motion for Hearing for Sanctions (Dkt. #59). Having reviewed the Motions, the

respective Responses, and all other relevant filings, the court finds that Defendants' Motions to Dismiss should be granted and all other pending Motions should be denied.

## BACKGROUND

While difficult to discern, Plaintiff appears to allege Defendants' conduct was deceptive with respect to Plaintiff's purchase of a vehicle in February 2023. Specifically, Plaintiff brings seven causes of action against Unity and disputes its attempt to collect on her Retail Installment Contract (the "Loan") for the purchase of an automobile from Bosco. Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #13). Based on the same transaction, Plaintiff also brings two claims against Bosco, denying that she is obligated to pay the Loan. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #31).

## LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

---

[1] To assess the sufficiency of a complaint, the court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

In its Motion, Unity alleges that Plaintiff has failed to state a claim for relief under the Federal Trade Commission Act ("FTCA"), the Federal Debt Collection Practices Act (the "FDCPA"), the Truth in Lending Act ("TILA"), and the Gramm-Leach-Biley Act (the "GLBA"). Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #13 at pp. 2–5). In response, Plaintiff makes a litany of requests, including for Judgment on the Pleadings, that the court convert the pending Motion to Dismiss into a Motion for Summary Judgment, "to give notice to the FTC to Intervene on behalf of [Plaintiff] and to enjoin interested parties, conduct investigations etc. or, alternatively, strike defendants claims and grant [Summary Judgment] with Emotional Distress and Mental Anguish Damages." Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #19 at p. 1). Additionally, Plaintiff states that "[t]he defense has not refuted nor presented any evidence that refute these claims made by the plaintiff." Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #19 at pp. 4–6). Finally, Plaintiff states that she "would like to introduce evidence of Unity Ones finances for the year of 2023." Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #19 at p. 7).

In its Motion, Bosco argues that Plaintiff failed to state a claim for violations of TILA or the FTCA. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #31 at pp. 3–6). The majority of Plaintiff's Amended Response is dedicated to espousing sovereign citizen principals, discussed, *infra*. Moreover, from the court's reading, Plaintiff does not respond to Bosco's Motion beyond stating that she has "given the opposition several opportunities to cure this matter as they have not provided a sufficient or valid defense in these proceedings." *See* Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #37 at p. 2).

The court finds that, because Plaintiff has not stated a claim for relief in either Civil Action Number 4:24-cv-495 or 4:24-cv-6, Defendants' Motions to Dismiss should be granted. Further, because Plaintiff's case is premised upon frivolous legal theories, the court further finds that Plaintiff's cases against Defendants should be dismissed with prejudice.

***Plaintiff does not state a claim for relief against either Defendant under Federal Rule of Civil Procedure 12(b)(6).***

At the outset, the court declines Plaintiff's invitation to convert the Motions to Dismiss into Motions for Summary Judgment. Under Rule 12, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Here, with the exception of the exclusion of Unity's business records, *infra,* no matters outside the pleadings were presented to or considered by the court. Accordingly, the standard under Federal Rule of Civil Procedure 12(b)(6) applies.

The court also notes that, because the standard at the Rule 12(b)(6) stage is whether Plaintiff has plead facts, that if true, would entitle Plaintiff to relief upon the causes of action asserted, *Iqbal*, 556 U.S. at 678, Plaintiff's arguments regarding Defendants' alleged failure to "refute" Plaintiff's claims or provide a "sufficient or valid defense" are unavailing. Put differently, Defendants are not required to produce evidence or otherwise defend their positions at the Motion to Dismiss stage. Instead, Defendants' burden is to demonstrate that Plaintiff has not stated a claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations.").

Finally, the court will not consider Unity's finances for the year 2023. *See Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir. 1988) ("Rule 12(b) gives

a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.") (citations and internal quotation marks omitted).

**Count One – Unity, Count Two – Bosco**

Plaintiff alleges misrepresentations under the Federal Trade Commission Act, 15 U.S.C. § 45(m)(l)(A) against both Defendants. Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #12 at p. 20); Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #24 at p. 17). However, a private right of action does not exist under this statute. *Norris v. Fairbanks Cap. Corp.*, 178 F. App'x 401, 403 (5th Cir. 2006). The statute specifically allows the Commissioner of the FTC to "commence a civil action." 15 U.S.C. § 45(m)(1)(A). While Plaintiff requests that the court "give notice to the FTC to Intervene on behalf of" Plaintiff, Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #19 at p. 1), the language of the statute makes clear that the Commissioner may commence an action, not intervene on behalf of a private plaintiff. 15 U.S.C. § 45(m)(1)(A). Accordingly, Plaintiff has not stated a claim for relief under the FTCA against either Defendant.

**Count One – Bosco**

With respect to Bosco, Plaintiff alleges Truth in Lending Act violations under 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 1026.23. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #14 at pp. 16–17). However, both 15 U.S.C. § 1635 and 12 C.F.R. § 1026.23 only apply to consumer credit transactions related to a debtor's principal dwelling. It is undisputed that the credit transaction at issue in this matter relates not to a dwelling, but the purchase of a vehicle. Plaintiff has therefore failed to state a claim against Bosco under TILA or Regulation Z. *James v. Ally Bank*, No. 421-CV-00925-SDJ-CAN, 2023 WL 1093891, at *4–5 (E.D. Tex. Jan. 3, 2023),

*report and recommendation adopted*, No. 4:21-CV-925-SDJ, 2023 WL 1081270 (E.D. Tex. Jan. 27, 2023).

### Counts Two–Seven – Unity

In Counts Two through Seven, Plaintiff alleges violations of the Fair Debt Collection Practices Act. For example, in Count Two, Plaintiff alleges that a Unity employee sent Plaintiff a "Notice of Intent to Accelerate." Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #1 at p. 5; Dkt. #12 at pp. 20–21). Plaintiff alleges that the Notice constituted "false, deceptive, or misleading representations" under 15 U.S.C. § 1692e. Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #12 at pp. 20–21). The court finds that Plaintiff has not alleged facts sufficient to state a claim for relief under the FDCPA. Plaintiff alleges that Unity, on "numerous instances" made false representations "concerning the character, amount, or legal status of the debt. . . through means described in paragraph 21." Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #12 at p. 20). However, paragraph 21, in its entirety states:

> On March 21, 2024. A Member Solutions Specialist or an employee of Unity One Credit Union[](one who did not identify) harassed plaintiff with a "Notice Of Intent To Accelerate" (see Exhibit - Attachment D) in which a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #12 at p. 4). Plaintiff's recitation of the elements of a FDCPA claim, without facts demonstrating how the Notice was "false, deceptive, or misleading," is insufficient to support a claim for relief. Moreover, as Unity correctly points out, Plaintiff does not dispute that she did not make her loan payment. Plaintiff further fails to allege how she fits within the definition of a "consumer" or how the FDCPA otherwise applies to Unity. Plaintiff does not address these deficiencies in her Response. *See* Civil

Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #19). Thus, Plaintiff's FDCPA's claims against Unity, Counts Two through Seven, should be dismissed for failure to state a claim.

### Other Allegations – Unity

Because the court finds that Plaintiff has not stated a claim against Unity under the FTCA or the FDCPA, the court does not reach Plaintiff's request for injunctive relief or civil penalties under those statutes. Civil Action No. 4:24-cv-495, *Alcala v. Unity One Credit Union* (Dkt. #12 at pp. 23–24).

Additionally, while not asserted as a cause of action against Unity, Plaintiff also makes several references to Section 1635 of TILA. However, section 1635 applies to consumer credit transactions related to a debtor's principal dwelling. 15 U.S.C. § 1635(a). It is undisputed that the credit transaction at issue in this matter relates not to a dwelling, but the purchase of a vehicle. Plaintiff, therefore, has failed to state a claim under TILA. *James*, 2023 WL 1093891 at *5. Plaintiff also makes reference to the Gramm-Leach-Bliley Act pursuant to 15 U.S.C. § 6802(a). However, there is no private right of action for an alleged violation of the GLBA. *Randle v. PNC Fin. Servs. Grp.*, No. 4:23-CV-00263-O-BP, 2024 WL 646363, at *7 (N.D. Tex. Feb. 12, 2024), *report and recommendation adopted*, No. 4:23-CV-00263-O-BP, 2024 WL 1018538 (N.D. Tex. Mar. 8, 2024), *appeal dismissed sub nom. Randle v. Avina*, No. 24-10286, 2024 WL 4490177 (5th Cir. May 7, 2024). Accordingly, Plaintiff has also not stated a claim against Unity for relief under TILA or the GLBA.

### *Dismissal with prejudice is warranted.*

"Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citations

omitted). Here, Plaintiff has amended her Complaint in both cases. There is no indication that she has not plead her best case. Plaintiff's Amended Complaints should thus be dismissed with prejudice.

Moreover, Plaintiff's Amended Complaints should be dismissed with prejudice because they are premised upon frivolous legal theories. Plaintiff's Responses, and to a lesser extent, her Amended Complaints, are riddled with the hallmarks of the sovereign citizen movement. "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Westfall v. Davis*, No. 7:18-CV-00023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *report and recommendation adopted*, No. 7:18-CV-023-O-BP, 2018 WL 2414794 (N.D. Tex. May 29, 2018). For example, here, Plaintiff states: "I also assert my status as sovereign, as I am not subject to the statutory system's presumptive authority. This statutory system only applies to Corporations, Artificial Persons and your presumptive strawman the all caps name." Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #37 at p. 20). Plaintiff also states that "I operate in a private capacity and declare that no assumptions should be made concerning my legal status as a public entity." Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #37 at p. 3). Further, sovereign citizens often "claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Westfall*, 2018 WL 2422058 at *2. As quoted above, Plaintiff references the "presumptive strawman," as well as opens her Amended Response with several Bible verses. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #37 at p. 1). Additionally, sovereign citizens "claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Westfall*, 2018 WL 2422058 at *2 (internal citations omitted). Here, Plaintiff challenges the court's jurisdiction and

any "presumptive authority" over her in a lawsuit Plaintiff herself filed. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #37 at pp. 19–20). Finally, "[a]lthough no two pseudolegal practitioners are identical, they tend to share several common beliefs, including. . . that principles of contract law can be used to either escape punishment for offenses or to generate unlimited fiscal liability in others." *Samuel Barrows, Sovereigns, Freemen, and Desperate Souls: Towards A Rigorous Understanding of Pseudolitigation Tactics in United States Courts*, 62 B.C. L. Rev. 905, 907 n.13 (2021). Such is the case here, especially evidenced by the settlement letter Plaintiff sent to Bosco. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #31, Exhibit 2). In the letter, Plaintiff demands, among other things, $1,000,000 to open an orphanage and four free vehicles from Bosco's facility. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #31, Exhibit 2). Accordingly, it is clear that Plaintiff seeks to use these lawsuits, at least in part, to bind Defendants to "unlimited fiscal liability."

Federal courts routinely dismiss complaints brought by so-called sovereign citizens as "indisputably meritless." *Westfall*, 2018 WL 2422058 at *2; *see also Neal v. Wainwright*, 2:17-CV-207-Z-BR, 2020 WL 6263164, at *2 (N.D. Tex. Oct. 23, 2020) (finding the sovereign-citizen plaintiff's claims to be "particularly problematic" as the complaint was "saturated with meaningless legal terms" that "failed to plead anything close to approaching an actionable claim"); *King/Morocco v. Mercedes Benz of New Orleans*, No: 18-08964, 2019 WL 3430468, at *2 (E.D. La. July 30, 2019) ("Federal courts have repeatedly rejected the 'sovereign citizen' theory as baseless.") (collecting cases). Notably, "[t]hese teachings have never worked in a court of law—not a single time." *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013). Therefore, Plaintiff's cases against Defendants should be dismissed with prejudice.

***Bosco's request for attorney's fees should be denied.***

In its Motion to Dismiss, Bosco requests attorney's fees pursuant to 28 U.S.C. § 1919. Civil Action No. 4:24-cv-6, *Alcala v. Bosco Auto Group* (Dkt. #31 at pp. 8–10). However, that provision only applies to dismissals for lack of jurisdiction. 28 U.S.C. § 1919. Here, the court is dismissing Plaintiff's cases because she failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Accordingly, Bosco's request for attorney's fees should be denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Unity One Credit Union's Motion to Dismiss Amended Complaint and Supporting Brief in Civil Action Number 4:24-cv-495 (Dkt. #13) is **GRANTED**. It is further **ORDERED** that Defendant Bosco Auto Group's First Amended Pre-Answer Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, Lack of Subject-Matter Jurisdiction, and Failure to Join a Necessary Party in Civil Action Number 4:24-cv-6 (Dkt. #31) is **DENIED in part** as to its request for attorney's fees and **GRANTED in part** as to the remainder of the Motion. It is further **ORDERED** that Defendant Unity One Credit Union's Motion to Stay Discovery (Dkt. #29) in Civil Action Number 4:24-cv-495 is **DENIED as moot**. It is further **ORDERED** that Defendant Bosco Auto Group's Motion for Hearing (Dkt. #34) and Amended Motion for Hearing (Dkt. #35) in Civil Action Number 4:24-cv-6 are **DENIED as moot**. It is further **ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt. #24), Motion for Defending Attorney to Show Proof of License to Practice Law (Dkt. #32), Motion to Schedule Hearing (Dkt. #33), and Amended Motion to Schedule Hearing (Dkt. #34) in Civil Action No. 4:24-cv-495 are **DENIED as moot**. It is further **ORDERED** that Plaintiff's Motion for Declaratory Judgment (Dkt. #40), Motion for Court Order to Provide Notice of Recission Letter (Dkt. #43), Motion to Drop the FTC Claim (Dkt. #44), Motion to Schedule a

Hearing (Dkt. #46), Motion to Strike Filings Made by Unlicensed Attorneys (Dkt. #47), Motion

for Summary Judgment (Dkt. #48), Motion to Schedule Conference Hearing (Dkt. #51), Motion

to Strike Defendant's Response Docket #55 (Dkt. #57), and Motion for Hearing for Sanctions

(Dkt. #59) in Civil Action Number 4:24-cv-6 are **DENIED as moot**. It is finally **ORDERED** that

Plaintiff's cases against Defendants are **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED.**

      **SIGNED this 20th day of March, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE